UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANDREW NETTER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-2152** |
| **UNITED STATES MARITIME SERVICES INC., ET AL** | * | **SECTION "B"** |

## ORDER AND REASONS

The factual record in the above captioned action is difficult to decipher. From the Complaint, it appears Plaintiff is alleging Mari-Clean, Inc.[1] ("Mari-Clean") and the United States Maritime Services, Inc. ("Maritime") caused Plaintiff, Andrew Netter, to overpay his social security and income taxes. Maritime filed the instant Motion to Dismiss for Failure to State a Claim or alternatively for More Definite Statement filed on behalf of United States Maritime Services, Inc. pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) (Rec. Doc. No. 19), contending Maritime was not and has not ever been Netter's employer.

Curiously, Plaintiff has attached numerous records from the Louisiana Department of Labor and Social Security Departments to his Complaint and other motions, none of which demonstrate an employment relationship between Netter and Maritime. See, e.g., (Rec. Doc. Nos. 1 & 24). The exhibits indicate Plaintiff was

---

[1] Due to the lack of proof that Mari-Clean was timely served, this matter will be placed on the call docket to afford Plaintiff an opportunity to show good cause why service has not been perfected.

employed by an outside agency, Labor Ready Southeast, Inc. (Rec. Doc. No. 1). The Plaintiffs social security records list Mari-Clean, Minute Men of Louisiana, Inc, and Labor Finders as employers. (Rec. Doc. No. 5 at attachments). The only instance where Maritime is mentioned is in Plaintiff's Amended Complaint (Rec. Doc. No. 5) where an Assistant Controller to Maritime, Marc Tumminello, responded to Netter's inquiry into his pay rates while he was "employed here at Mari-Clean/US Maritime." The Court construes the Tumminello letter to mean Plaintiff may have been a contracted or subcontracted worker on site at Maritime. Accordingly,

**IT IS ORDERED** Defendant's motion to dismiss is **GRANTED** without prejudice to re-urge if further discovery with Mari-Clean would justify a cause of an action against Maritime.

New Orleans, Louisiana, this 1st day of September, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE